IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIO DE LEÓN VALDÉS,<br><br>   **Plaintiff,**<br><br>       v.<br><br>DOMINGO EMANUELLI HERNÁNDEZ, Secretary of the Puerto Rico Department of Justice; ANTONIO LÓPEZ FIGUEROA, Commissioner of the Police Bureau of the Commonwealth of Puerto Rico in his official and personal capacity; ALEXIS TORRES, Secretary of the Department of Public Safety in his official and personal capacity; OFFICER JOHN DOE with badge number 26596; OFFICERS JOHN DOE 1 THROUGH 7; and UNIDENTIFIED OFFICERS,<br><br>   **Defendants.** | CIVIL NO. 22-1541 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

      The Complaint asserts causes of action under 42 U.S.C. § 1983 ("Section 1983") and P.R. LAWS ANN. tit. 31, § 5141 (Article 1802 of the Puerto Rico Civil Code 1930)[1] for the alleged unlawful actions of a group of police officers who supposedly beat Plaintiff Mario De León Valdés ("Plaintiff") with their batons during a protest on July 15, 2019. Docket No. 1.

      Pending before the Court is the Motion to Dismiss for Failure to State a Claim Against Official Capacity Defendants ("Motion to Dismiss Official Capacity Claims") filed by Defendants

---

[1] The Complaint states the cause of action under P.R. LAWS ANN. tit. 31, § 10801 (Article 1536 of the Puerto Rico Civil Code 2020), but the Court assumes Plaintiff meant to say P.R. LAWS ANN. tit. 31, § 5141 (Article 1802 of the Puerto Rico Civil Code 2020).

**CIVIL NO.** 22-1541 (JAG)                                                                                           2

Domingo Emanuelli-Hernández ("Emanuelli-Hernández"), in his official capacity as Secretary of the Department of Justice of Puerto Rico; Antonio López-Figueroa ("López-Figueroa"), in his official capacity as Commissioner of the Police Bureau; and Alexis Torres-Ríos ("Torres-Ríos"), in his official capacity as Secretary of the Department of Public Safety and in his personal capacity (collectively, "Defendants"). Docket No. 11. Also before the Court is Defendants' Motion to Dismiss for Failure to State a Claim Against Personal Capacity Defendants ("Motion to Dismiss Personal Capacity Claims"). Docket No. 14. For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss Official Capacity Claims, and **GRANTS** Defendants' Motion to Dismiss Personal Capacity Claims.

Also before the Court is Plaintiffs' Response to Order to Show Cause and Answer to Motions to Dismiss filed by Defendants, in which Plaintiff requests leave to amend the Complaint. Docket No. 22 at 5-6. The Court hereby **DENIES** Plaintiffs' request for leave to amend the Complaint.

## BACKGROUND[2]

The Complaint stems from a series of events during the summer of 2019 that triggered multiple protests near the Governor's Mansion in Old San Juan, Puerto Rico. Per Plaintiff, on July 15, 2019, at about 9:00 P.M., he was video streaming the events through Facebook Live in Old San Juan by the intersection of Cristo Street and Fortaleza Street. Docket No. 1, ¶¶ 12-14. At around 11:00 P.M., a group of seven to eight officers violently beat Plaintiff with their batons until he lost consciousness. *Id.* ¶¶ 15-18. Plaintiff alleges that the officers hit him on his head, back, and legs. *Id.*

---

[2] The facts are taken from Plaintiff's Complaint, Docket No. 1, and are presumed to be true. *See Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

**CIVIL NO. 22-1541 (JAG)** 3

¶ 16. As a result, Plaintiff needed medical attention, including stitches for a head injury, and suffered severe headaches for more than a year. *Id.* ¶¶ 19-20, 22, 24-25. After the events, Plaintiff delivered demand letters to the Secretary of Justice of Puerto Rico on November 13, 2019,[3] November 13, 2020, and November 13, 2021. *Id.* ¶ 26.

Plaintiff claims that Defendants' actions and omissions constitute (1) "an illegal seizure of Plaintiff's person, excessive use of force, violation of due process and cruel and unusual punishment in violation of the Fourth, Fifth, Eight and Fourteenth Amendments of the Constitution and 42 U.S.C § 1983"; (2) "an illegal seizure of Plaintiff's person, excessive use of force, violation of due process and cruel and unusual punishment in violation of Article II of the Constitution of Puerto Rico"; and (3) negligence under "Article 1536 of the Civil Code of Puerto Rico for which all defendants and jointly and severally liable." *Id.* ¶¶ 28, 31, 34. Plaintiff seeks (1) compensatory damages in the amount of $300,000, (2) punitive damages in the amount of $1,000,000, (3) reasonable attorney fees and cost, (4) prejudgment interest, (5) any additional relief the Court deems just and proper, and (6) a jury trial. *Id.* at 6-7.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Fed. R. Civ.

---

[3] The Complaint states the first demand letter was sent on "November 13, 2029," but the Court assumes Plaintiff meant to say November 13, 2019.

**CIVIL NO. 22-1541 (JAG)** 4

P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Grajales*, 682 F.3d at 44. Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.") (citation omitted). Even taking plaintiff's well-pled allegations as true, however, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

## ANALYSIS

Defendants argue that the Court should dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) because (i) the Eleventh Amendment bars Plaintiff from pursing this action against

CIVIL NO. 22-1541 (JAG)                                                                                                 5

Defendants in their official capacity, Docket No. 11; and (ii) Plaintiff failed to present a timely, cognizable claim against Torres-Ríos in his personal capacity, Docket No 14. The Court shall address each motion in turn.

   I.   Motion to Dismiss Official Capacity Claims

Defendants assert that the Eleventh Amendment bars Plaintiff from seeking monetary damages under Section 1983 against the Defendants in their official capacity. Docket No. 11 at 8-9. The Court agrees.

The Eleventh Amendment bars suit seeking monetary damages against states brought in federal courts by its own citizens as well as by citizens of another State. *Sinapi v. R.I. Bd. of Bar Examiners*, 910 F.3d 544, 553 (1st Cir. 2018). "This immunity does not solely protect the State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or 'alter egos' of the State, which includes the officers acting on behalf of the state." *Sánchez-Ramos v. P.R. Police Dep't*, 392 F. Supp. 2d 167, 177 (D. P.R. 2005) (citing *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir. 1987)). "The [E]leventh [A]mendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." *De León López v. Corp. Insular de Seguros*, 931 F.2d 116, 121 (1st Cir. 1991) (citation omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." *Díaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Since Defendants in their official capacity are considered arms or alter egos of Puerto Rico, Eleventh Amendment immunity extends to Defendants with respect to the monetary damages claims asserted against them in their official capacities. Accordingly, the Eleventh Amendment

**CIVIL NO.** 22-1541 (JAG)                                                                                                       6

bars Plaintiff's monetary damages claims against the Defendants in their official capacity. Because Plaintiff's Complaint only seeks monetary damages, all claims against Defendants in their official capacity are hereby **DISMISSED WITHOUT PREJUDICE.**

II.  Plaintiff's Request for Leave to Amend Complaint

In his response to the motions to dismiss, Plaintiff requests leave to amend the Complaint to include prospective relief, which lies outside the Eleventh Amendment protections. Docket No. 22, ¶¶ 20-27. Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court has discretion to deny leave to amend when the record reflects "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex. rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citations omitted).

The Eleventh Amendment does not "prohibit a party from bringing suit against a state officer in federal court for prospective declaratory or injunctive relief under federal law." *Asociacion de Subscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 24 (1st Cir. 2007) (citing *Ex Parte Young*, 203 U.S. 123, 155 (1908)). *Ex Parte Young* provided an exception to the Eleventh Amendment immunity in suits "against state officials when that suit seeks only prospective injunctive relief . . . to end a continuing violation of federal law." *Seminole Tribe v. Fla.*, 517 U.S. 44, 73 (1996). However, "[t]o justify an injunction when the incident now lies in the past, there must be a 'real and immediate threat' of future legal violations rather than an abstract or conjectural one." *Asociación de Periodistas de P.R. v. Mueller*, 680 F.3d 70, 84-85 (1st Cir. 2012) (citation omitted) (denying injunction requiring the FBI to implement policies and procedures to protect the media from "unwarranted attacks" because there was no indication that "repetition was

**CIVIL NO.** 22-1541 (JAG)                                                                                     7

likely"). "Any past harm . . . allegedly suffered does not by itself entitle [the plaintiffs] to obtain equitable relief absent a sufficient likelihood that they will again be wronged in a similar way." *Id.* at 85 (cleaned up). Furthermore, "the Supreme Court has been reluctant to afford private citizens standing to enjoin hypothetical future government conduct." *Eves v. LePage*, 842 F.3d 133, 145 (1st Cir. 2016) (citation omitted) (dismissing plaintiff's claims for injunctive relief because plaintiff's subjective fear of future harm was "too speculative" to survive the motion to dismiss); *see also City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (finding that plaintiff had no standing to seek injunctive relief to enjoin the police department from using chokeholds because he failed to prove "why [he] might be realistically threatened" by the use of chokeholds in the future).

Here, Plaintiff has failed to show that there is a real or immediate threat of future legal violations against Plaintiff, especially considering that the protests at issue here targeted the then Governor of Puerto Rico, who later resigned, and that the leadership of the Puerto Rico Department of Justice, the Bureau of the Police of the Commonwealth of Puerto Rico, and the Department of Public Safety has since been replaced. Thus, any amendment would be futile.

Moreover, Plaintiff did not exercise due diligence to benefit liberally from Fed. R. Civ. P. 15(a). Defendants filed the Motion to Dismiss Official Capacity Claims on April 27, 2023, Docket No. 11; and the Motion to Dismiss Personal Capacity Claims on May 17, 2023, Docket No. 14. On May 11, 2023, Plaintiff requested an extension of time until June 26, 2023, to respond to the Motion to Dismiss Official Capacity Claims. Docket No. 12. The Court granted Plaintiff until June 12, 2023. Docket No. 16. Plaintiff never requested an extension of time to respond to the Motion to Dismiss Personal Capacity Claims. Plaintiff failed to comply with the June 12 deadline, prompting the Court to issue an Order to Show Cause as to why the motions to dismiss should not be deemed

**CIVIL NO.** 22-1541 (JAG)                                                                                   8

unopposed. Docket No. 20. Plaintiff finally responded to both motions on June 22, 2023. Docket No. 22.

    For the reasons stated above, the Court hereby **DENIES** Plaintiff's request for leave to amend the Complaint.

    III.    Motion to Dismiss Personal Capacity Claims

    Defendants additionally argue that Plaintiff's personal capacity claims are time-barred and fail to state a viable cause of action. Docket No. 14.

    "[S]ection 1983 creates a private right of action for violations of federally protected rights." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). Because Section 1983 has no internal statute of limitations, claims brought under this statute "borrow [ ] the appropriate state law governing limitations." *Id.* (quoting *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003)). The applicable statute of limitations in Puerto Rico is one year. P.R. LAWS ANN. tit. 31, § 5298(2); *Marrero-Gutierrez*, 491 F.3d at 5. However, "[f]ederal law determines the date on which the statute of limitations begins running." *Id.* (citing *Carreras-Rosa v. Alves-Cruz*, 127 F.3d 172, 174 (1st Cir. 1997)). "[S]ection 1983 claims accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Id.* (quoting *Guzman-Rivera v. Rivera-Cruz*, 29 F.3d 3, 5 (1st Cir. 1994)) (internal quotation marks omitted).

    The instant action arises from events that took place on July 15, 2019. Docket No. 1 at 4-5. Plaintiff requested redress for the alleged violations by delivering demand letters to the Secretary of Justice of Puerto Rico on November 13, 2019, November 13, 2020, and November 13, 2021. *Id.* ¶ 26; Docket No. 19-1. Plaintiff's final letter, dated a year and a day prior to the filing of the present action, which was addressed to Emanuelli-Hernández, was intended to "constitute[ ] an

**CIVIL NO.** 22-1541 (JAG)                                                                                                      9

extrajudicial legal claim for the purpose of interrupting the statute of limitations once again." Docket No. 19-1 at 9. "For an extrajudicial claim to toll a statute of limitations, however, the extrajudicial claim must present the identical cause of action as the claim later presented in court. Further, the two claims must arise from the same facts and must request the same relief." *Matos Ortiz v. Puerto Rico*, 103 F. Supp. 2d 59, 62 (D.P.R. 2000) (citing *Benitez-Pons v. Com. of P.R.*, 136 F.3d 54, 59-60 (1st Cir. 1998)).

With this framework in mind, it is clear that Plaintiff's causes of action against Torres-Ríos in his personal capacity are time-barred since there are no claims against Torres-Ríos in the demand letters, no extrajudicial claim was sent to Torres-Ríos, nor was he served in his personal capacity before the statute of limitations lapsed.[4] Even if Plaintiff's personal capacity claims against Torres-Ríos were timely, Plaintiff would still lack a cause of action against Torres-Ríos in his personal capacity because Torres-Ríos did not occupy his current position as Secretary of the Department of Public Safety on the date of the events and had no personal involvement in the events underlying this action.[5] *See* Docket No. 14. Thus, Plaintiff cannot sufficiently allege that Torres-Rios's actions or omissions were a proximate cause of his injury. Therefore, the Court finds that Plaintiff's personal capacity claims against Torres-Ríos are time-barred. Alternatively, Plaintiff has failed to adequately plead a cognizable claim against Torre-Ríos in his personal capacity.[6]

---

[4] The same reasoning applies to the personal capacity claims asserted against López-Figueroa and, thus, those claims are also time-barred.

[5] Plaintiff does not contest this assertion. Nor does the Complaint contain any factual allegations supporting a personal capacity claim against Torres-Ríos.

[6] The personal capacity claims against López-Figueroa suffer from the same defect because he did not occupy his current position on the date of the events and had no personal involvement in the events

**CIVIL NO. 22-1541 (JAG)**                                                                                                             10

Plaintiff does not oppose dismissal of the claims against Torres-Ríos in his personal capacity, but requests that dismissal be without prejudice "in order to safeguard any right or claim that Plaintiff might [] have . . . regarding the handling of the investigation request as it relates to the events alleged in the Complaint," which Plaintiff claims has yet to be processed. Docket No. 22, ¶¶ 18-19. However, considering that Torres-Ríos had no personal involvement in the events underlying the Complaint, such an administrative investigation is irrelevant to and independent of the facts of this case. Consequentially, Plaintiff's claims against Torres-Ríos in his personal capacity are hereby **DISMISSED WITH PREJUDICE.**[7]

## CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** the Motion to Dismiss Official Capacity Claims and the Motion to Dismiss Personal Capacity Claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's monetary damages claims; **DISMISSES WITH PREJUDICE** Plaintiff's personal capacity claims against Torres-Ríos and López-Figueroa; and **DENIES** Plaintiff's request for leave to amend Complaint. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, December 05, 2023.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

underlying this action. Nor does the Complaint contain any factual allegations supporting a personal capacity claim against López-Figueroa.

[7] The personal capacity claims asserted against López-Figueroa are also **DISMISSED WITH PREJUDICE** for the same reasons.